Christian Sedereas
GWERTZMAN LEFKOWITZ
& SULLIVAN, PLLC
122 East 42nd Street, Suite 1607
New York, New York 10168
212-968-1001
*Attorneys for Plaintiff*
Gwertzman File No.: 00532
039302004

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA a/s/o FOOD SCIENCES CORP. <br><br> Plaintiff <br><br> vs. <br><br> TIGO ENERGY, INC., SOLAR LANDSCAPE, LLC, CPV SHORE HOLDINGS, LLC, CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC. and ALSO ENERGY, INC, <br><br> Defendants. | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY <br><br> DOCKET NO: 1:25-cv-16136 <br><br> CIVIL ACTION <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA a/s/o FOOD SCIENCES CORP., a corporation licensed to write insurance in the State of New Jersey, located at One Tower Square, Hartford, Connecticut, by way of Complaint against Defendants says:

## PARTIES

1. At all relevant times, Travelers Property Casualty Company of America ("Travelers"), is a foreign corporation organized under the laws of the State of Connecticut, with a principal place of business located at One Tower Square, Hartford, Connecticut.

2. At all relevant times, Food Sciences Corp., (hereinafter "Food Sciences") is a domestic corporation with a principal place of business located at 116 Gaither Drive, Mt. Laurel, New Jersey.

3. Upon information and belief, Tigo Energy, Inc. ("Tigo"), was and is a foreign corporation, duly organized and existing under the laws of the State of Delaware, with a principal place of business located at 983 University Avenue, Suite B, Los Gatos, California 95032.

4. Upon information and belief, at all relevant times, Tigo was in the business of designing, engineering, manufacturing, advertising, selling, and/or placing into the stream of commerce rapid shut down devices and corresponding equipment ("RSD") to be utilized in photovoltaic systems.

5. Upon information and belief Solar Landscape, LLC ("Solar Landscape"), was and is a domestic limited liability company, duly organized and existing under the laws of the State of New Jersey, with a principal place of business located at 601 Bangs Avenue, Asbury Park, New Jersey, 07712.

6. Upon information and belief, at all relevant times, CPV Shore Holdings, LLC ("Shore Holdings"), was and is a foreign limited liability company, duly organized and existing under the laws of the State of Delaware, with a principal place of business located at 8403 Colesville Road, Suite 915, Silver Spring, Maryland, 20910.

7. Upon information and belief Consolidated Electrical Distributors, Inc. ("CED"), was and is a foreign corporation, duly organized and existing under the laws of the State of Delaware, with a principal place of business located at 1920 Westridge Drive, Irving Texas 75038.

8.    At all relevant times, upon information and belief, Also Energy, Inc. ("Also Energy"), was and is a foreign corporation, duly organized and existing under the laws of the State of Delaware, with a principal place of business located at 5400 Airport Boulevard, Suite 100, Boulder, CO 80301.

9.    Upon information and belief, at all relevant times, 116 Gaither Drive Owner, LLC ("116 Owner") owned, controlled, and/or operated a warehouse located at 116 Gaither Drive, Mt. Laurel, New Jersey (the "Warehouse").

10.    Upon information and belief, at all relevant times, prior to and on April 7, 2024, Food Sciences was the tenant in the Warehouse.

11.    Upon information and belief, at all relevant times, Shore Holdings owned, controlled, and/or operated a photovoltaic system on the rooftop of the Warehouse ("PV System").

12.    Upon information and belief, at all relevant times, Solar Landscape engineered, designed, advertised, sold, installed, tested, and/or maintained the PV System.

13.    Upon information and belief, at all relevant times, Tigo designed, engineered, manufactured, advertised, sold, distributed, and/or installed RSDs for the PV System.

14.    Upon information and belief, at all relevant times, CED was engaged in the business of advertising, marketing, selling, and/or distributing the RSDs for PV System, and placed the RSD into the stream of commerce by promoting, marketing, and selling it.

15.    Upon information and belief, at all relevant times, Also Energy was engaged in the business of designing, advertising, marketing, selling, and/or distributing weather monitoring devices, including the device used on the rooftop of the Warehouse on or about Apil 7, 2024 ("Also Energy Device").

**FACTS**

16.     Upon information and belief, on or about April 7, 2024, there was a fire that originated at the PV System ("Fire").

17.     Upon information and belief, the Fire originated at or around an RSD in the PV System, which caused significant property damage to Food Sciences' Property ("the Loss").

18.     At all relevant times, Travelers insured Food Sciences for certain damages pursuant to a policy of insurance ("Policy"). As a result of the Loss, Food Sciences submitted a claim to Travelers. Travelers thereby adjusted the claim and made payments pursuant to the Policy of at least $4,900,000. As a result of the foregoing, Travelers became subrogated to the claims and defenses of Food Sciences, by operation of the Policy, contractual and equitable principles, and applicable law. The adjustment of the claim remains ongoing, and Plaintiff seeks damages in the full amount of the payments made pursuant to the Policy.

## JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as there is complete diversity of citizenship between Plaintiff and all Defendants. Plaintiff is a citizen of a state different from each Defendant, who are incorporated and/or have their principal places of business in states other than the state in which Plaintiff resides

20.     The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, thereby satisfying the jurisdictional threshold under 28 U.S.C. § 1332(a). Accordingly, this Court has diversity jurisdiction over the claims asserted herein.

21.     Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and the property that is the subject of this action is situated in this District.

## COUNT I
## STRICT PRODUCT LIABILITY VS.

## TIGO ENERGY, INC.

22. All prior paragraphs are realleged and incorporated as if fully set forth herein.

23. Upon information and belief, Tigo designed, manufactured, advertised, marketed, sold, distributed, and/or shipped the RSD into the chain of distribution, and are responsible for any design and/or manufacturing defects in the RSD and for any failure to timely warn of hazards associated with the operation of the RSD for the PV System.

24. At all relevant times, the failure of the RSD caused the Loss because it was defective and it was not reasonably fit, suitable or safe for its intended purpose because it deviated from the design specifications, formulae, or performance standards of Defendant, it failed to contain adequate warnings or instructions and/or it was defectively designed.

25. The defect was in a condition not contemplated by Food Sciences and made the product unreasonably dangerous to Food Sciences by creating a fire hazard and causing the Fire.

26. On April 7, 2024, the PV System and RSD, while being operated in the manner and under conditions reasonably foreseeable to Tigo, proximately and foreseeably caused the fire and resulting Loss.

27. Tigo defectively manufactured the RSD, defectively designed the RSD, and failed to timely warn of the defective and dangerous condition of the RSD prior to the Loss.

28. Defendant is liable to Plaintiff by reason of the defective product pursuant to the Products Liability Act, N.J.S.A. 2A:58C-1, et seq.

**WHEREFORE**, Plaintiff demands judgment in its favor on the First Count against Defendant in the amount of at least $4,900,000, plus any additional amounts paid pursuant to the Policy together with pre-judgment and post-judgment interest, attorney's fees, the costs of this suit, and such other relief as this Court may order.

## COUNT II
## NEGLIGENCE VS.
## TIGO ENERGY, INC.

29.     The allegations of the prior Counts are incorporated herein as if set forth at length.

30.     Tigo had a duty to design, manufacture, advertise, market, sell and distribute RSDs within the PV System that were free of defects, and had a duty to timely warn Food Sciences of the dangerous nature of the PV System and RSD.

31.     Tigo breached that duty by designing and manufacturing RSDs within the PV System in a defective manner, causing the fire and resulting Loss. Moreover, Tigo failed to timely warn Food Sciences of the hazards associated with the PV System and RSD, causing this Loss.

32.     The Fire and resulting Loss was proximately caused by the negligence of Tigo without any negligence on the part of Food Sciences contributing thereto.

33.     As a result of Tigo's breach, Plaintiff sustained damage of at least $4,900,000.

**WHEREFORE**, Plaintiff demands judgment in its favor on the Second Count against Defendant in the amount of at least $4,900,000 plus any additional amounts paid pursuant to the Policy together with pre-judgment and post-judgment interest, attorney's fees, the costs of this suit, and such other relief as this Court may order.

## COUNT III
## STRICT PRODUCTS LIABILITY VS.
## SOLAR LANDSCAPE, LLC

34.     The allegations set forth in the preceding Counts are incorporated herein by reference as if fully set forth at length.

35.    Upon information and belief, Solar Landscape was responsible for assembling, installing, and/or testing the PV System and RSDs.

36.    At all relevant times, the failure of the RSD caused the Loss because it was defective and not reasonably fit, suitable, or safe for its intended purpose. The defect arose because the product deviated from the design specifications, formulae, or performance standards of Defendant, failed to include adequate warnings or instructions, and/or was defectively designed.

37.    The defect existed in a condition not contemplated by Food Sciences and rendered the product unreasonably dangerous by creating a fire hazard, which caused the Fire.

38.    On April 7, 2024, while the PV System and RSD were operated in a manner and under conditions reasonably foreseeable to Solar, they proximately and foreseeably caused the Fire and the resulting Loss.

39.    Defendant is liable to Plaintiff for the defective product pursuant to the New Jersey Products Liability Act, N.J.S.A. 2A:58C-1, et seq.

WHEREFORE, Plaintiff demands judgment in its favor on the Third Count against Defendant in the amount of at least $4,900,000 plus any additional amounts paid pursuant to the Policy together with pre-judgment and post-judgment interest, attorney's fees, the costs of this suit, and such other relief as this Court may order.

### COUNT IV
### NEGLIGENCE VS.
### SOLAR LANDSCAPE LLC

40.    The allegations of the prior Counts are incorporated herein as if set forth at length.

41.    Solar Landscape had a duty to assemble, install, and/or test the PV System and RSDs.

42.    At all relevant times, Solar Landscape breached that duty causing the Loss in the following ways:

     a.    Defectively installing the PV System and RSD such that it created a dangerous condition.

     b.    Defectively installing the PV System and RSD such that it caused the fire and resulting Loss;

     c.    Defectively installing the PV System and RSD by failing to satisfy applicable code requirements.

     d.    By failing to warn Food Sciences that the PV System and RSD was defectively installed;

     e.    By failing to warn Food Sciences that it created a dangerous condition; and

     f.    By failing to act reasonably under the circumstances.

43.    The Fire and resulting Loss were proximately caused by the negligence of Solar without any negligence of the part of Food Sciences contributing thereto.

44.    As a result of Solar Landscape's breach, Plaintiff sustained damage of at least $4,900,000.

**WHEREFORE**, Plaintiff demands judgment in its favor on the Fourth Count against Defendant in the amount of at least $4,900,000 plus any additional amounts paid pursuant to the Policy together with pre-judgment and post-judgment interest, attorney's fees, the costs of this suit, and such other relief as this Court may order.

<u>**COUNT V**</u>
<u>**STRICT PRODUCTS LIABILITY VS.**</u>
<u>**CPV SHORE HOLDINGS, LLC**</u>

45.    The allegations set forth in the preceding Counts are incorporated herein by reference as if fully set forth at length

46.    Upon information and belief, Shore Holdings owned, advertised, marketed, sold, distributed, and/or shipped the PV System, including the RSD.

47.    At all relevant times, the failure of the RSD within the PV System caused the Loss because the RSD was defective and not reasonably fit, suitable, or safe for its intended purpose. The defect arose from the RSD's deviation from design specifications, formulae, or performance standards of Defendant; its failure to include adequate warnings or instructions; and/or its defective design.

48.    The defect existed in a condition not contemplated by Food Sciences and rendered the product unreasonably dangerous by creating a fire hazard, which proximately caused the Fire and the resulting Loss.

49.    On April 7, 2024, the PV System and RSD, while operating in a manner and under conditions reasonably foreseeable to Shore Holdings, proximately and foreseeably caused the Fire and the resulting Loss.

50.    Defendant is liable to Plaintiff for the defective product pursuant to the New Jersey Products Liability Act, N.J.S.A. 2A:58C-1, et seq.

**WHEREFORE**, Plaintiff demands judgment in its favor on the Fifth Count against Defendant in an amount of at least $4,900,000 plus any additional amounts paid pursuant to the Policy together with pre-judgment and post-judgment interest, attorney's fees, the costs of this action, and such other relief as this Court may order.

**COUNT VI**
**NEGLIGENCE VS.**
**CPV SHORE HOLDINGS, LLC**

51.    The allegations of the prior Counts are incorporated herein as if set forth at length.

52.    Shore Holdings had a duty to design, manufacture, advertise, market, sell and distribute RSDs within the PV System that were free of defects, and had a duty to timely warn

Food Sciences of the dangerous nature of the PV System and RSD.

53.     Shore Holdings breached that duty by advertising, marketing, selling, and distributing the PV System in a defective manner causing the fire and resulting Loss. Moreover, Shore Holdings failed to timely warn Food Sciences of the hazards associated with the PV System and RSD, causing this Loss.

54.     The Fire and resulting Loss was proximately caused by the negligence of Shore Holdings without any negligence on the part of Food Sciences contributing thereto.

55.     As a result of Shore Holdings' breach, Plaintiff sustained damage of at least $4,900,000.

**WHEREFORE**, Plaintiff demands judgment in its favor on the Sixth Count against Defendant in the amount of at least $4,900,000 plus any additional amounts paid pursuant to the Policy together with pre-judgment and post-judgment interest, attorney's fees, the costs of this suit, and such other relief as this Court may order.

**COUNT VII**
**STRICT PRODUCTS LIABILITY VS.**
**CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC.**

56.     The allegations set forth in the preceding Counts are incorporated herein by reference as if fully set forth at length.

57.     Upon information and belief, CED advertised, marketed, sold, distributed, and/or shipped the RSD and other component parts incorporated within the PV System.

58.     At all relevant times, the failure of the RSD within the PV System caused the Loss because it was defective and was not reasonably fit, suitable, or safe for its intended purpose. The RSD was defective in that it deviated from the design specifications, formulae, or performance standards of Defendant; failed to contain adequate warnings or instructions; and/or

was defectively designed.

59. The defect existed in a condition not contemplated by Food Sciences and rendered the product unreasonably dangerous by creating a fire hazard, which caused the Fire and the resulting Loss.

60. On April 7, 2024, the PV System and RSD, while operating in a manner and under conditions reasonably foreseeable to CED, proximately and foreseeably caused the Fire and the resulting Loss.

61. Defendant is liable to Plaintiff for the defective product pursuant to the New Jersey Products Liability Act, N.J.S.A. 2A:58C-1, et seq.

**WHEREFORE**, Plaintiff demands judgment in its favor on the Seventh Count against Defendant in an amount of at least $4,900,000 plus any additional amounts paid pursuant to the Policy together with pre-judgment and post-judgment interest, attorney's fees, the costs of this action, and such other relief as this Court deems may order.

## COUNT VIII
## STRICT PRODUCTS LIABILITY VS.
## ALSO ENERGY, INC.

62. The allegations of the prior Counts are incorporated herein as if set forth at length.

63. Upon information and belief, Also Energy advertised, marketed, sold, distributed, shipped, and installed weather monitoring devices for PV systems.

64. At all relevant times, the failure of the Also Energy Device caused/contributed the Loss because it was defective and it was not reasonably fit, suitable or safe for its intended purpose because it deviated from the design specifications, formulae, or performance standards of Defendant, it failed to contain adequate warnings or instructions and/or

it was defectively designed.

65.    The defect was in a condition not contemplated by Food Sciences and made the product unreasonably dangerous to Food Sciences by creating/contributing to the Fire.

66.    On April 7, 2024, the PV System, RSD, and Also Energy Device while operating in the manner and under conditions reasonably foreseeable to Also Energy, proximately and foreseeably caused/contributed the fire and resulting Loss.

67.    Defendant is liable to Plaintiff by reason of the defective product pursuant to the Products Liability Act, N.J.S.A. 2A:58C-1, et seq.

**WHEREFORE**, Plaintiff demands judgment in its favor on the Eighth Count against Defendant in the amount of at least $4,900,000 plus any additional amounts paid pursuant to the Policy together with pre-judgment and post-judgment interest, attorney's fees, the costs of this suit, and such other relief as this Court may order.

### COUNT IX
### NEGLIGENCE VS.
### ALSO ENERGY, INC.

68.    The allegations of the prior Counts are incorporated herein as if set forth at length.

69.    Also Energy had a duty to assemble, install, and/or test the Also Energy Device on the roof of the Warehouse.

70.    At all relevant times, Also Energy breached that duty caused/contributed the Loss in the following ways:

    a.    by failing to maintain, inspect, test, and monitor conditions and operation of the PV System to insure it was safe;

    b.    by failing to prevent the fire;

    c.    by failing to conduct monitoring services and readings of the PV System to notify of its dangerous condition;

d.    By failing to reasonably protect Plaintiff's subrogor's property, including monitoring services of the PV System;

e.    By failing to warn Food Sciences that it created a dangerous condition; and

f.    By failing to act reasonably under the circumstances.

71.    The Fire and resulting Loss were proximately caused by the negligence of Also Energy without any negligence of the part of Food Sciences contributing thereto.

72.    As a result of Also Energy's breach, Plaintiff sustained damage of at least $4,900,000.

**WHEREFORE**, Plaintiff demands judgment in its favor on the Ninth Count against Defendant in the amount of at least $4,900,000 plus any additional amounts paid pursuant to the Policy together with pre-judgment and post-judgment interest, attorney's fees, the costs of this suit, and such other relief as this Court may order.

## CERTIFICATION

I certify that the matter in controversy is not the subject of any other action pending or contemplated in any court or of a pending or contemplated arbitration proceeding and that there are no other known parties who should be joined in this action.

Dated: September 29, 2025

Gwertzman Lefkowitz & Sullivan, PLLC

_____
Christian Sedereas
Attorneys for Plaintiff