| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA a/s/o FOOD SCIENCES CORP.<br><br>　　　　　　　　Plaintiff<br><br>vs.<br><br>TIGO ENERGY, INC., SOLAR LANDSCAPE, LLC,  CPV SHORE HOLDINGS, LLC, CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC. and ALSO ENERGY, INC,<br><br>　　　　　　　　Defendants. | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br><br>DOCKET NO.: 1:25-cv-16136-KMW-AMD<br><br>CIVIL ACTION |

**PLAINTIFF'S**
**OPPOSITION TO DEFENDANT SOLAR LANDSCAPE"S**
**MOTION TO DISMISS COUNTS III**
**(MOTION RETURN DATE: March 16, 2026)**

Respectfully submitted by,

*Melissa Sullivan*
_____
Melissa Sullivan
Pro Hac Vice admission

_____
Christian Sedereas
Gwertzman Lefkowitz
& Sullivan, PLLC
122 East 42nd Street, Suite 1607
New York, New York 10168
212-968-1001
Gwertzman File No.: 00532
039302004

*Attorneys for Plaintiff*
*Travelers Property Casualty*
*Company Of America*
*a/s/o Food Sciences Corp.*

## TABLE OF CONTENTS

TABLE OF CONTENTS……………………………………………………………………ii

TABLE OF AUTHORITIES……………………………………………...…..……....iii-iv

INTRODUCTION………………………...………………………………...……………1

FACTUAL BACKGROUND……………………………………………..…..…..……..2

ARGUMENT IN OPPOSITION…………………………..……………………………...3-13

      A.     Plaintiff's Complaint Satisfies the Pleading Standard of Rules F.R.C.P. § 12(b)(6) and 8 (a)(2)……………………………….…………….3-13

         i.    F.R.C.P § 12(b)(6)………………………………………………...3-4

        ii.    F.R.C.P § 8 (a)(2)………………………………...………4-7

       iii.    The Complaint Plausibly Alleges That Solar Is a "Installer" or "Product Seller" Under the PLA……………………………………………..7-8

        iv.    Solar's reliance on its cited case law is misplaced…………………….8-12

        v.    The Complaint Adequately Alleges "Harm" Within the Meaning of the NJPLA……………………………………….………………..…....12

      B.     Dismissal at this Stage is Improper…………………………………..……12

CONCLUSION…........………………………………………………………….…13

# TABLE OF AUTHORITIES

**Cases**

Abrams v. Baker Hughes Inc., 292 F.3d 424, 431 (CA5 2002)……………………………………...3

Ashcroft v. Iqbal, 556 U.S. 662 (2009)………………..…………………………...………….……3,5,6

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)……………..………………….…………...3,5

Cintrone v. Hertz Truck Leasing, 45 N.J. 434, 452, (1965)……………………………….…….…7

Connelly v. Lane Const. Corp., 809 F.3d 780, 786 (3d Cir. 2016)……………………………….3

Frank v. Walker, 819 F.3d 384, 387 (7th Cir. 2016)…………………………………………...5

Gomez v. H&M Int'l Transp., Inc., 2017 U.S. Dist. LEXIS 145371 (D.N.J. 2017)…………......10

Gompper v. VISX, Inc., 298 F.3d 893, 897 (9th Cir 2002) ………………………………………3

Johnson v. City of Shelby, Miss., 874 U.S. 10, 11 (2014)…………………………………………..5

Koch v. Christie's Int'l PLC, 699 F.3d 141, 145 (2d Cir. 2012)………………………………….4

Michalko v. Cooke Color & Chem. Corp., 91 N.J. 386, 395–96, (1982)………………...…7,11

Muto v. CBS Corp., 668 F.3d 53, 56 (2d Cir. 2012)……………………………………………...4

Newmark v. Gimbel's Inc., 54 N.J. 585, 595 (1969)………………………………………...…7

Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)…………………..………4,5,6

Potwora ex rel. Gray v. Grip, 319 N.J. Super. 386 (App. Div. 1999)………………………10

Ramos v. Silent Hoist & Crane Co., 256 N.J. Super. 467 (App. Div. 1992)...………………8,9,10

Santiago v. E.W. Bliss Div., Gulf & Western Mfg. Co., 201 N.J. Super. 205 (App. Div. 1985)…9

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010)………………………………...6

Skinner v. Switzer, 562 U.S. 521, 530 (2011)………………………………………………….5

Stevenson v. City of Seat Pleasant, Md., 743 F.3d 411, 418 (4th Cir.2014)…………………...5

Swierkiewicz v. Sorema, 534 U.S. 506, 512 (2002)………………………………………………4

Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (U.S. 2007)……………………3

Thomas v. Ford Motor Co., 70 F. Supp. 2d 521, 528–29 (D.N.J. 1999)………………....……10

Worrell v. Elliott & Frantz, 799 F. Supp. 2d 343, 354  (D.N.J. 2011)…………………

Zirvi v. Illumina, Inc. 2025 U.S. App. LEXIS 28163. (3rd Circuit 2025)……………………12

**Rules and Regulations**

F.R.C.P. § 8...........................................................................................................4,5

F.R.C.P. § 12(b)(6)……………..………………………………….........3,4,5,6,8,12,13

F.R.C.P. § 15(a)(2)……………………………………………………………12,13

N.J.S.A. 2A:58C-8 (NJ PLA)……………………………………………...………1,2,7,8,10,12

N.J.S.A. § 2A:58C-1(b)(2)................................................................................................1

## I.     INTRODUCTION

As the Court is aware, this is a subrogation action seeking recovery of insurance payments made as a result of a fire at a warehouse ("Premises"), and more particularly, within a rooftop photovoltaic ("PV") system on the rooftop of the Premises. Plaintiff alleges that Solar Landscape, LLC, (hereinafter "Solar") assembled, installed, and tested the PV System (PACER 1. Paragraphs 12, 35-39).

Plaintiff's insured is a commercial tenant at the Premises (Id. Paragraph 18.) Plaintiff is not in privy to the specifics of the installation, maintenance, leasing, or otherwise business relationship between the owner of the warehouse and Solar or, for that matter, the other parties involved in the purchase, installation, maintenance, repair, and operation of the PV system at the Premises. Plaintiff seeks recovery as an outsider to those relationships for damage caused by Defendants' acts and omissions that impacted the leased premises and the insured's property. Importantly, this litigation is at its earliest procedural stage, and some parties have exchanged Rule 26(a) Disclosures.

Solar now moves to dismiss Count III (Strict Products Liability), arguing that it was merely an installer and not a product manufacturer of the RSDs and therefore cannot be liable under the New Jersey Products Liability Act ("NJ PLA"), N.J.S.A. 2A:58C-1 et seq. Importantly, Solar has not come forward with any affidavit or evidence supporting its position that it does not meet the requirements of the NJ PLA. Instead, Solar's motion improperly seeks to foreclose fact development necessary to fully evaluate the nature of Defendants' conduct, their respective roles, and the duties owed to non-contracting third parties such as Plaintiff's insured.

Accordingly, Solar's motion should be denied.

## II.    FACTUAL BACKGROUND

For purposes of this motion, Solar relies primarily on its own characterization of the Complaint, not the actual allegations. When the Complaint is reviewed fully, Plaintiff alleges the following. Shore Holdings owned, controlled, and/or operated a PV System  on the rooftop of the Warehouse (PACER 1. Paragraphs 11). Solar engineered, designed, advertised, sold, installed, tested, and/or maintained the PV System. (Id. Paragraphs 12). Solar also assembled, installed, and/or tested the PV System and RSDs. (Id. Paragraphs 35 and 41). Tigo Energy, Inc., (hereinafter "Tigo") is the component manufacturer. (Id. Paragraphs 23 and 30). Consolidated Electrical Distributors, Inc. (hereinafter "CED") is the distributor. (Id. Paragraphs 57 and 63 ). Also Energy, Inc. (hereinafter "Also Energy") provides weather monitoring equipment and services. (Id. Paragraphs 63, 64, 69 and 70) and had failed to answer at the time of this Opposition.

The complaint states the following: a fire originated within the PV System installed on the Warehouse roof. (Id. Paragraphs 11, 16). The RSD within the PV System contained a defect, causing ignition and a fire. (Id. Paragraphs 36-38). As a result, Plaintiff's insured sustained approximately $4.,900,000 in damage. (Id. Paragraphs  18, 37-38). These allegations, accepted as true at the pleading stage, more than plausibly allege that Solar is an "installer" and "product seller" under the NJ PLA. Moreover, Plaintiff's claims arise from Solar's alleged role in engineering, assembling, installation and testing the PV System and Rapid Shutoff Device ("RSD") that caused the fire.

2

### III.    ARGUMENT IN OPPOSITION

**A.  Plaintiff's Complaint Satisfies the Pleading Standard of Rules F.R.C.P. §
12(b)(6) and 8 (a)(2).**

#### i.    <u>F.R.C.P § 12(b)(6)</u>

Plaintiff's Complaint is well-pleaded, sets forth viable causes of action, and more

than satisfies the applicable pleading standards. Solar, the party moving for dismissal under

F.R.C.P. § 12(b)(6) bears the burden of showing that Plaintiff has failed to state a legal claim.

The Court must accept all the allegations in the complaint as true and construe all facts in favor

of Plaintiff. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (U.S. 2007). The

inquiry, as several Courts of Appeals have recognized, is whether all of the facts alleged, taken

collectively, give rise to a strong inference of scienter, not whether any individual allegation,

scrutinized in isolation, meets that standard. Abrams v. Baker Hughes Inc., 292 F.3d 424, 431

(CA5 2002); Gompper v. VISX, Inc., 298 F.3d 893, 897 (CA9 2002).

Thu, to survive a motion to dismiss under F.R.C.P. § 12(b)(6), a complaint must

plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 557 (2007). A claim is facially plausible: [W]hen plaintiff pleads

factual content that allows the Court to draw the reasonable inference that the defendant is liable

for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,'

but it asks for more than a sheer possibility that a defendant has acted unlawfully.'" Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556-57). Although the

plausibility standard "does not impose a probability requirement, it does require a pleading to

show more than a sheer possibility that a defendant has acted unlawfully." Connelly v. Lane

Const. Corp., 809 F.3d 780, 786 (3d Cir. 2016). A plaintiff must "allege sufficient facts to raise a

reasonable expectation that discovery will uncover proof of [his] claims." Id. at 789.

When resolving a motion to dismiss, the Court must assume all well pleaded facts to be true, "drawing reasonable inferences in favor of the plaintiff." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008), Muto v. CBS Corp., 668 F.3d 53, 56 (2d Cir. 2012); Koch v. Christie's Int'l PLC, 699 F.3d 141, 145 (2d Cir. 2012). A F.R.C.P. § 12(b)(6) motion may challenge the sufficiency of the pleadings, but the Court may not use F.R.C.P. § 12(b)(6) to screen weak cases at the pleadings stage. The issue is not whether a Plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. The Federal Rules continue to rely on discovery and summary judgment practice to define the issues, identify genuine factual disputes, and dispose of unmeritorious claims. Swierkiewicz v. Sorema, 534 U.S. 506, 512 (2002).

Here, Plaintiff alleges specific factual content regarding Solar's role in engineering, assembling, installing, testing, and placing the PV System into operation. (PACER 1. Paragraphs 12, 35, and 41) Solar's argument that it was merely an installer and not manufacturer of the RSD presents a factual dispute that cannot be resolved at the pleading stage.

### ii.    F.R.C.P § 8 (a)(2).

Further, the rules of pleading found in F.R.C.P. § 8 applies to Plaintiff's complaint. Plaintiff satisfied this rule. The relevant basis for Solar's F.R.C.P. § 12(b)(6) motion in the case sub judice appears to have its genesis in F.R.C.P. § 8 regarding "General Rules of Pleading," specifically F.R.C.P. § 8 (a)(2): "Claim for Relief. A pleading that states a claim for relief must contain:

(1)    a short and plain statement of the grounds for the Court's jurisdiction, unless the Court already has jurisdiction, and the claim needs no new jurisdictional support;

(2)     a short and plain statement of the claim showing that the pleader is entitled to

relief; and

(3)     a demand for the relief sought, which may include relief in the alternative or

different types of relief."

F.R.C.P. § 8 (a)(2) requires a statement of the plaintiff's claim, not the articulation

of any particular cause of action. While Plaintiff must plead facts sufficient to show plausible

entitlement to some relief, they need not specify any particular cause of action in order to survive

a motion to dismiss. Johnson v. City of Shelby, Miss., 874 U.S. 10, 11 (2014); Skinner v.

Switzer, 562 U.S. 521, 530 (2011); Frank v. Walker, 819 F.3d 384, 387 (7th Cir. 2016) ("A

complaint must narrate a plausible grievance; it need not set out a legal theory or cite

authority."); Stevenson v. City of Seat Pleasant, Md., 743 F.3d 411, 418 (4th Cir.2014)

(Plaintiffs are "not required to use any precise or magical words" in their pleadings, as the

complaint gives Defendants sufficient notice of the claims).

Pleading under F.R.C.P. § 8 does not require a showing that the claims will

succeed on the merits. Even in Iqbal, the Court was careful to say that a pleader need not show a

probability of entitlement to relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

F.R.C.P. § 8 (a)(2) requires that a pleading include "a short and plain statement of

the claim showing that the pleader is entitled to relief" and provide the defendant with "fair

notice of what the claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly,

550 U.S. 544, 555, (2007). On a F.R.C.P. § 12(b)(6) motion, the "facts alleged must be taken as

true" and dismissal is not appropriate where "it appears unlikely that the plaintiff can prove those

facts or will ultimately prevail on the merits." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231

(3d Cir. 2008). A complaint will survive a motion to dismiss if it provides a sufficient factual basis to state a facially plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009).

Therefore, the allegations of the complaint provide fair notice to Solar as to why Plaintiff is entitled to relief. In analyzing the sufficiency of a complaint, the Third Circuit requires that courts engage in a three-part inquiry: (1) recite the elements that must be pled in order to state a claim; (2) determine which allegations in the complaint are merely conclusory and therefore need not be given an assumption of truth; and (3) "assume their veracity" of well-pleaded factual allegations and ascertain whether they plausibly "give rise to an entitlement for relief." Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

At this juncture, a plaintiff need only plead facts sufficient to render the claim plausible on its face. Plaintiff has done so by stating, simply and directly, the events that allegedly entitle Plaintiff to relief.

Here, Plaintiff alleges factual conduct by Solar:

- Engineering and design (PACER 1. Paragraph 12),

- Assembly, testing, and installation (Id. Paragraph 35),

- Integration of the RSD within the PV System (Id. Paragraphs 36-38).

These are factual assertions, not mere statutory recitations.

Having adequately informed Solar of the factual basis for the claims asserted, Plaintiff was required to do no more to withstand threshold dismissal under F.R.C.P. § 12(b)(6). Solar misapplies both the pleading standard and the allegations in the Complaint.

iii.    **The Complaint Plausibly Alleges That Solar Is an "Installer" or "Product Seller" Under the PLA**.

The NJ PLA defines a "product seller" as: any person who, in the course of a business conducted for that purpose: sells; distributes; **leases; installs**; prepares or assembles a manufacturer's product according to the manufacturer's plan, intention, design, specifications or formulations; blends; packages; labels; markets; **repairs; maintains; or otherwise is involved in placing a product in the line of commerce (emphasis added)**.

NJ courts recognize that entities involved in assembling or integrating products into functioning systems may fall within the PLA. Michalko v. Cooke Color & Chem. Corp., 91 N.J. 386, 395–96 (1982); Newmark v. Gimbel's Inc., 54 N.J. 585, 595 (1969). In the case at bar, Solar's business consists of installing the PV System and the RSD. Its activities therefore fall squarely within the statutory definition of a product seller.

The NJ PLA definition encompasses entities within a product's chain of distribution and is consistent with longstanding New Jersey case law.  Michalko v. Cooke Color & Chem. Corp., 91 N.J. 386, 395–96, (1982) (rebuilder held strictly liable for defects in reconditioned machine); Newmark v. Gimbel's Inc., 54 N.J. 585, 595, (1969) (hairdresser may be held strictly liable for injuries caused by a defective permanent wave applied to a customer's hair, where the court found that the beautician was primarily engaged in a commercial enterprise and subject to strict liability for injuries resulting from a salon service.); Cintrone v. Hertz Truck Leasing, 45 N.J. 434, 452, (1965) (truck leasing company strictly liable for defects in trucks).

Solar's attempt to characterize itself as merely an installer presents a factual issue. Whether Solar's conduct constitutes "placing a product into the stream of commerce" cannot be determined without discovery. Solar contracted for the installation of the PV System. The NJ PLA does not require retail sale, but Solar's role in installation places squarely within the NJ PLA.

At minimum, Plaintiff has alleged facts giving rise to a plausible inference that Solar participated in assembling, installing, testing, and placing into service the PV System that allegedly caused the fire. That is all that is required at the F.R.C.P. § 12(b)(6) stage.

Accordingly, Plaintiff has plausibly alleged that Solar qualifies as a "product seller" under the NJ PLA. Solar's F.R.C.P. § 12(b)(6) argument therefore fails as a matter of law, as the determination of whether Solar ultimately qualifies as a product seller presents a factual issue that cannot be resolved on a motion to dismiss.

### iv.    Solar's reliance on its cited case law is misplaced.

Solar attempts to characterize itself as "merely an installer" and relies on a line of workplace personal injury cases involving service contractors or occasional sellers. Those authorities do not govern the present action and are materially distinguishable from the allegations pled here.

The cases cited by Solar do not compel dismissal. Solar's reliance on Ramos v. Silent Hoist & Crane Co., 256 N.J. Super. 467 (App. Div. 1992) is misplaced. In Ramos, an electrical contractor ran power to a dockside capstan and selected the location of a switch. The Appellate Division held that the electrical contractor was not a "manufacturer or seller" under the Product Liability Act because it did not sell or manufacture the capstan itself. Its liability, if any, arose from negligent installation of electrical services, not from placing a product into the stream

of commerce. The court emphasized the distinction between: Negligent performance of services; and Strict liability for a defective product sold or distributed in the marketplace.

Unlike the contractor in Ramos, Solar is not alleged to have merely provided incidental wiring or electrical services to an already-completed product owned by another. Solar assembled, installed, tested, integrated, and placed into service the PV System and RSDs. The claim is not limited to negligent services, it is premised on the defective condition of the PV System as assembled, installed, tested, and placed into operation.

Moreover, Ramos arose in the context of a workplace personal injury and focused heavily on comparative negligence doctrines unique to that setting. This action is a commercial property damage subrogation claim involving an allegedly defective rooftop energy system. The policy considerations and factual posture are materially different.

Solar's reliance on Santiago v. E.W. Bliss Div., Gulf & Western Mfg. Co., 201 N.J. Super. 205 (App. Div. 1985) is also distinguishable. In Santiago, the defendant had owned a punch press for over two decades and later sold it in an isolated transaction. The court held that strict liability did not apply because the defendant was not engaged in the business of selling such products, it was merely disposing of used equipment after its useful life. The Appellate Division reaffirmed that strict liability attaches to those engaged in the business of selling or distributing products in the stream of commerce, not to occasional sellers.

In this case, Solar does not stand in the position of an occasional seller disposing of used equipment. According to the Complaint, Solar is in the business of installing, assembling, testing, and deploying PV systems, which is not an isolated sale. Thus, Santiago limits strict liability for casual sellers, it does not immunize a commercial entity that assembles, designs, installs, and tests PV systems as part of its business model.

Solar's reliance on Potwora ex rel. Gray v. Grip, 319 N.J. Super. 386 (App. Div. 1999) is similarly misplaced. Potwora addressed successor liability and whether a corporation that acquired assets of a predecessor could be held strictly liable under a product-line theory. The court analyzed the continuity of manufacturing operations and statutory definitions under the NJ PLA.

This case does not involve successor liability. Solar is sued for its own conduct in engineering, assembling, installing, testing, and placing into service the PV System and RSDs at issue. The successor-product-line analysis in Potwora has no bearing on whether Solar falls within the PLA's scope

This Court should follow the post Ramos decision in Worrell v. Elliott & Frantz, 799 F. Supp. 2d 343, 354  (D.N.J. 2011), where the court held that a plaintiff may pursue both a products liability claim under the NJ PLA and a negligence claim where there are genuine issues of material fact as to whether the defendant's conduct violated applicable transportation regulations.  See also, Gomez v. H&M Int'l Transp., Inc., 2017 U.S. Dist. LEXIS 145371 (D.N.J. 2017) (where the Court noted that there are situations in which a plaintiff may pursue both a negligence claim and a products liability claim against the same defendant); Thomas v. Ford Motor Co., 70 F. Supp. 2d 521 (D.N.J. 1999) (where the District Court held that a claim for negligence based upon the defendant's installation of an airbag was not subsumed by plaintiff's products liability claim against that same defendant).

Here, as alleged in the Complaint, Solar was responsible for assembling, installing, and testing the PV System and RSDs (PACER 1. Paragraph 35). Accordingly, to the extent there are factual disputes regarding Solar's compliance, improper installation, or testing

10

with applicable standards and regulatory requirements, Plaintiff's negligence claim may proceed alongside the NJPLA claim.

Moreover, the New Jersey Supreme Court's decision in Michalko v. Cooke Color & Chemical Corp., 91 N.J. 386 (1982) cited by Solar, supports Plaintiff's position. In Michalko, the Court held that an independent contractor that rebuilt machinery according to an owner's specifications could be held strictly liable for injuries sustained by a foreseeable user. The Court rejected formalistic distinctions between "sale" and "service" and imposed strict liability in situations involving a combination of sales and services. Michalko, 91 N.J. at 401.

The Court expressly recognized "It is not necessary to show that defendant created the defect. What is important is that the defect did in fact exist when the product was distributed by and was under the control of the defendant.". Michalko, 91 N.J. at 396.

Solar's attempt to avoid liability by characterizing itself as merely an installer and not a product manufacturer mirrors the argument rejected in Michalko. Where an entity assembles and integrates components into a functioning system and places that system into service, strict liability principles may apply. At minimum, whether Solar's role constitutes participation in placing a defective product into the stream of commerce presents a fact-sensitive inquiry inappropriate for resolution on a Rule 12(b)(6) motion.

This matter is a commercial property damage subrogation action involving an PV system that allegedly failed and caused extensive fire damage. The inquiry here is not whether Solar owed a workplace safety duty to an employee; it is whether Solar participated in installing, assembling, testing, and placing an allegedly defective product into service in the stream of commerce.

11

That determination cannot be made on the pleadings alone. At minimum, whether Solar qualifies as a "product seller" under the NJ PLA presents a factual issue not suitable for resolution under Rule 12(b)(6). Accordingly, Solar's Motion to Dismiss Count III should be denied in its entirety.

> **v.    The Complaint Adequately Alleges "Harm" Within the Meaning of the NJPLA.**

To state a claim under the NJ PLA, a plaintiff must allege that it suffered "harm" within the meaning of the Act. The NJ PLA defines "harm" as: "(a) physical damage to property, other than to the product itself; (b) personal physical illness, injury or death; (c) pain and suffering, mental anguish or emotional harm; and (d) any loss of consortium or services or other loss deriving from any type of harm described in subparagraphs (a) through (c) of this paragraph." N.J.S.A. § 2A:58C-1(b)(2).

Despite Solar's arguments to the contrary. Here, Plaintiff alleges property damage in the Complaint, as required under the NJ PLA. (PACER 1. At paragraphs 15, 16, 37, 38.)

## B.  Dismissal at this Stage is Improper

This case is at its earliest stage. No discovery has occurred and the precise scope of Solar's role remains exclusively within Defendants' possession. F.R.C.P. § 12(b)(6) is not a mechanism to foreclose factual development in a complex multi-defendant fire-loss case.

In the event the Court determines that any aspect of the Complaint is insufficiently pleaded, dismissal with prejudice would be improper at this early stage. F.R.C.P. 15(a)(2) provides that leave to amend shall be "freely give[n] when justice so requires," and the Third Circuit has consistently held that plaintiffs should be afforded an opportunity to amend unless amendment would be futile or inequitable. Zirvi v. Illumina, Inc. 2025 U.S. App. LEXIS 28163. (3rd Circuit 2025).

Here, discovery is in its early stages and any perceived pleading deficiency, particularly in a complex, multi-defendant fire-loss case involving a rooftop PV System, could readily be cured through amendment. Accordingly, should the Court find any deficiency in Counts III, Plaintiff respectfully requests leave to amend.

## IV.    CONCLUSION.

For all of the foregoing reasons, Plaintiff respectfully requests that this Honorable Court deny Defendant Solar Landscape, LLC's Motion to Dismiss pursuant to F.R.C.P. 12(b)(6) in its entirety and permit Plaintiff's Strict Products Liability claim to proceed.

In the alternative, should the Court determine that any portion of Count III is insufficiently pleaded, Plaintiff respectfully requests leave to amend pursuant to F.R.C.P.15(a)(2).

Dated:  March 2, 2026

Respectfully submitted by,

*Melissa Sullivan*

_____

Melissa Sullivan
Pro Hac Vice admission

_____

Christian Sedereas
Gwertzman Lefkowitz
& Sullivan, PLLC
122 East 42nd Street, Suite 1607
New York, New York 10168
212-968-1001
Gwertzman File No.: 00532
039302004

*Attorneys for Plaintiff*
*Travelers Property Casualty*
*Company Of America*
*a/s/o Food Sciences Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2026, I electronically filed the foregoing document

with the Clerk of the Court using the CM/ECF system, which will send notification of such filing

to the CM/ECF participants registered to receive service in this action.

_____

Christian Sedereas
Gwertzman Lefkowitz
& Sullivan, PLLC
122 East 42nd Street, Suite 1607
New York, New York 10168
212-968-1001
Gwertzman File No.: 00532
039302004

*Attorneys for Plaintiff*
*Travelers Property Casualty*
*Company Of America*
*a/s/o Food Sciences Corp.*

14