Dennis J. Monaco, Esq. (NJ No. 017732000)
**MOLOD, SPITZ, & DESANTIS, P.C.**
1430 Broadway, Floor No. 21
New York, NY 10018-3347
O: (212) 869-3200, Ext. No. 122
F: (212) 869-4242
E: dmonaco@molodspitz.com
*Local Counsel for Defendant Also Energy, Inc.*

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a/s/o FOOD SCIENCES CORP., <br><br>     Plaintiff, <br><br> v. <br><br> TIGO ENERGY, INC., SOLAR LANDSCAPE, LLC, CPV SHORE HOLDINGS, LLC, CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC., and ALSO ENERGY, INC., <br><br>     Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY <br><br>     Civil Action No.: 1:25-cv-16136 <br><br><br> **DEFENDANT ALSO ENERGY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

COMES NOW, Defendant Also Energy, Inc. ("AE"), by and through its undersigned counsel and for its Answer to Plaintiff Travelers Property Casualty Company of America, a/s/o Food Sciences Corp.'s Complaint and, in support thereof, states and alleges as follows:

## Answer

1.      AE denies each and every allegation, statement, matter, and thing contained in Plaintiff's Complaint, including matters contained within the headings or subheadings, except as expressly and specifically admitted, explained, qualified, or otherwise answered herein.

## Parties

2.      AE is without sufficient information to admit or deny the allegations in Paragraphs 1-7 and 9-14 of the Complaint and therefore denies the allegations and puts Plaintiff to its strict

burden of proving them. Further, Paragraphs 1-7 and 9-14 of the Complaint contain legal conclusions to which no responses are necessary and AE puts Plaintiff to its strict burden of proving the legal conclusions set forth therein.

3.      AE admits it is a Delaware domestic corporation and maintains its principal place of business at 105 Edgeview Drive, Suite 450, Broomfield, Colorado. AE denies the remaining allegations in Paragraph 8 of the Complaint.

4.      AE is without sufficient information to admit or deny the allegations in Paragraph 15 of the Complaint and therefore denies the allegations and puts Plaintiff to its strict burden of proving them. Further, Paragraph 15 of the Complaint contains legal conclusions to which no responses are necessary and AE puts Plaintiff to its strict burden of proving the legal conclusions set forth therein.

**Facts**

5.      AE is without sufficient information to admit or deny the allegations in Paragraphs 16-18 of the Complaint and therefore denies the allegations and puts Plaintiff to its strict burden of proving them. Further, Paragraph 18 of the Complaint contains legal conclusions to which no responses are necessary and AE puts Plaintiff to its strict burden of proving the legal conclusions set forth therein.

**Jurisdiction & Venue**

6.      AE is without sufficient knowledge or information to either admit or deny the allegations in paragraphs 19-21 of the Complaint and therefore it denies the allegations and puts Plaintiff to its strict burden of proof of the allegations contained therein. In addition, the allegations in paragraphs 19-21 of the Complaint include legal conclusions to which no responses are necessary and AE puts Plaintiff to its strict burden of proving the legal conclusions set forth

therein.

## Count I
## Strict Product Liability
## (<u>Plaintiff v. Tigo Energy, Inc.</u>)

7.      In response to Paragraph 22 of Plaintiff's Complaint, AE restates, realleges, and incorporates by reference Paragraphs 1-6 of its Answer to Plaintiff's Complaint as if fully set forth herein.

8.      The allegations in Count I, Paragraphs 22-28, of Plaintiff's Complaint constitute legal conclusions to which no responses are required and AE puts Plaintiff to its strict burden of proving the legal conclusions set forth therein.

9.      In addition, the allegations contained in Count I, Paragraphs 22-28, of Plaintiff's Complaint are directed to a party other than AE and therefore no responses are required. To the extent anything in Count I, Paragraphs 22-28, could be construed as allegations against AE, those allegations are denied.

## Count II
## Negligence
## (<u>Plaintiff v. Tigo Energy, Inc.</u>)

10.      In response to Paragraph 29 of Plaintiff's Complaint, AE restates, realleges, and incorporates by reference Paragraphs 1-9 of its Answer to Plaintiff's Complaint as if fully set forth herein.

11.      The allegations in Count II, Paragraphs 29-33, of Plaintiff's Complaint constitute legal conclusions to which no responses are required and AE puts Plaintiff to its strict burden of proving the legal conclusions set forth therein.

12.      In addition, the allegations contained in Count II, Paragraphs 29-33, of Plaintiff's Complaint are directed to a party other than AE and therefore no responses are required. To the

extent anything in Count II, Paragraphs 29-33, could be construed as allegations against AE, those allegations are denied.

**Count III**
**Strict Products Liability**
**(<u>Plaintiff v. Solar Landscape, LLC</u>)**

13.     In response to Paragraph 34 of Plaintiff's Complaint, AE restates, realleges, and incorporates by reference Paragraphs 1-12 of its Answer to Plaintiff's Complaint as if fully set forth herein.

14.     The allegations in Count III, Paragraphs 34-39, of Plaintiff's Complaint constitute legal conclusions to which no responses are required and AE puts Plaintiff to its strict burden of proving the legal conclusions set forth therein.

15.     In addition, the allegations contained in Count III, Paragraphs 34-39, of Plaintiff's Complaint are directed to a party other than AE and therefore no responses are required. To the extent anything in Count III, Paragraphs 34-39, could be construed as allegations against AE, those allegations are denied.

**Count IV**
**Negligence**
**(<u>Plaintiff v. Solar Landscape, LLC</u>)**

16.     In response to Paragraph 40 of Plaintiff's Complaint, AE restates, realleges, and incorporates by reference Paragraphs 1-15 of its Answer to Plaintiff's Complaint as if fully set forth herein.

17.     The allegations in Count IV, Paragraphs 40-44, of Plaintiff's Complaint constitute legal conclusions to which no responses are required and AE puts Plaintiff to its strict burden of proving the legal conclusions set forth therein.

18.     In addition, the allegations contained in Count IV, Paragraphs 40-44, of Plaintiff's

Complaint are directed to a party other than AE and therefore no responses are required. To the extent anything in Count IV, Paragraphs 40-44, could be construed as allegations against AE, those allegations are denied.

## Count V
### Strict Products Liability
### (<u>Plaintiff v. CPV Shore Holdings, LLC</u>)

19.    In response to Paragraph 45 of Plaintiff's Complaint, AE restates, realleges, and incorporates by reference Paragraphs 1-18 of its Answer to Plaintiff's Complaint as if fully set forth herein.

20.    The allegations in Count V, Paragraphs 45-50, of Plaintiff's Complaint constitute legal conclusions to which no responses are required and AE puts Plaintiff to its strict burden of proving the legal conclusions set forth therein.

21.    In addition, the allegations contained in Count V, Paragraphs 45-50, of Plaintiff's Complaint are directed to a party other than AE and therefore no responses are required. To the extent anything in Count V, Paragraphs 45-50, could be construed as allegations against AE, those allegations are denied.

## Count VI
### Negligence
### (<u>Plaintiff v. CPV Shore Holdings, LLC</u>)

22.    In response to Paragraph 51 of Plaintiff's Complaint, AE restates, realleges, and incorporates by reference Paragraphs 1-21 of its Answer to Plaintiff's Complaint as if fully set forth herein.

23.    The allegations in Count VI, Paragraphs 51-55, of Plaintiff's Complaint constitute legal conclusions to which no responses are required and AE puts Plaintiff to its strict burden of proving the legal conclusions set forth therein.

24.    In addition, the allegations contained in Count VI, Paragraphs 51-55, of Plaintiff's Complaint are directed to a party other than AE and therefore no responses are required. To the extent anything in Count VI, Paragraphs 51-55, could be construed as allegations against AE, those allegations are denied.

**Count VII**
**Strict Products Liability**
**(Plaintiff v. Consolidated Electrical Distributors, Inc.)**

25.    In response to Paragraph 56 of Plaintiff's Complaint, AE restates, realleges, and incorporates by reference Paragraphs 1-24 of its Answer to Plaintiff's Complaint as if fully set forth herein.

26.    The allegations in Count VII, Paragraphs 56-61, of Plaintiff's Complaint constitute legal conclusions to which no responses are required and AE puts Plaintiff to its strict burden of proving the legal conclusions set forth therein.

27.    In addition, the allegations contained in Count VII, Paragraphs 56-61, of Plaintiff's Complaint are directed to a party other than AE and therefore no responses are required. To the extent anything in Count VII, Paragraphs 56-61, could be construed as allegations against AE, those allegations are denied.

**Count VIII**
**Strict Products Liability**
**(Plaintiff v. Also Energy, Inc.)**

28.    In response to paragraph 62 of the Complaint, AE restates, realleges, reaffirms, and incorporates by reference Paragraph Nos. 1-27 of its Answer to the Complaint as if fully set forth herein.

29.    AE denies the allegations in Count VIII, Paragraphs 62-67, of the Complaint.

30.     Further, the allegations in Count VIII, Paragraphs 62-67, of the Complaint contain legal conclusions to which no responses are necessary and AE puts Plaintiff to its strict burden of proving the legal conclusions set forth therein.

**Count IX**
**Negligence**
**(Plaintiff v. Also Energy, Inc.)**

31.     In response to paragraph 68 of the Complaint, AE restates, realleges, reaffirms, and incorporates by reference Paragraph Nos. 1-30 of its Answer to the Complaint as if fully set forth herein.

32.     AE denies the allegations in Count IX, Paragraphs 68-72, of the Complaint.

33.     Further, the allegations in Count IX, Paragraphs 68-72, of the Complaint contain legal conclusions to which no responses are necessary and AE puts Plaintiff to its strict burden of proving the legal conclusions set forth therein.

**Affirmative and Other Defenses**

34.     AE restates, realleges, and incorporates by reference Paragraphs 1-33 of its Answer to Plaintiff's Complaint as if fully set forth herein. AE asserts the following defenses, affirmative or otherwise, in response to the allegations in Plaintiff's Complaint:

35.     The Complaint fails to state a cause of action against AE because it fails to allege a legal duty or the basis of a legal duty owed by AE to Plaintiff, and AE did not owe a legal duty to Plaintiff.

36.     To the extent that Plaintiff made or sought to make unreasonable or unnecessary adjustments, modifications, or repairs to the property, or expended or seeks to expend unreasonable costs of sums in making such adjustments, modifications, or repairs, Plaintiff is not entitled to recover from AE.

37.    To the extent that the breaches of duty or the negligent or wrongful acts or omissions or information alleged by Plaintiff relate to duties or obligations not within the scope of AE's services, AE is not liable.

38.    AE is entitled to a set off for all amounts paid or payable by or on behalf of any other person or entity responsible for Plaintiff's damages, if any, and for all amounts received by Plaintiff from collateral sources, including but not limited to insurance proceeds and settlements.

39.    If Plaintiff was injured or damaged as alleged in its Complaint or otherwise, which is expressly denied, then the same such injuries and damages were caused or contributed to by its own negligent acts, omissions, or improper conduct, or by the improper conduct of others, which AE had no control or right to control, and for which AE is neither liable nor responsible.

40.    If Plaintiff was injured or damaged as alleged in their Complaint or otherwise, which is expressly denied, then the same such injuries and damages were caused in whole or in part by acts, omissions, conduct, or conditions over which AE had no control and no right to control, and for which AE is neither liable or responsible.

41.    Plaintiff either failed to sustain any harm and/or damages and/or failed to mitigate any harm and/or damages that have been sustained, and Plaintiff's claims are barred for failure to mitigate and/or recover damages from other responsible parties.

42.    Some or all of Plaintiff's claims may be barred by the doctrines of waiver, laches, estoppel, failure of consideration, fraud, illegality, release, unclean hands, election of remedies, justification, accord and satisfaction, and principals of equity.

43.    Plaintiff's damages, if any, were the result of intervening superseding causes for which AE is not liable.

44.    Plaintiff's damages, if any, were caused by an act of God, and such damages are

not recoverable from AE.

45.     AE affirmatively alleges that any damages alleged by Plaintiff are speculative, illusory, and not recoverable.

46.     Plaintiff's claims are barred in whole or in part by the terms, conditions, and exclusions of any and all applicable contracts, warranties, and/or insurance policies.

47.     AE specifically denies that it caused, contributed to, or is at fault for the alleged incident and damages, that it violated any duties, contract, and/or warranties, or that any work that it performed was defective in any manner.

48.     AE affirmatively alleges that if Plaintiff was injured or damaged as set forth in the Complaint, said injuries or damages were the result of Plaintiff's express or implied assumption of the risks, dangers, or hazards known by Plaintiff.

49.     AE affirmatively alleges that should Plaintiff recover a verdict against AE, the right to which is denied herein, that AE is entitled to deduct from any recovery obtained any collateral source payments paid or payable.

50.     AE specifically denies any negligence, breach of contract, illegal activity, fault, or other liability in this matter.

51.     AE asserts that it may have further and additional affirmative and other defenses the nature of which cannot be determined until AE has an opportunity to engage in discovery. AE therefore incorporates all affirmative defenses stated or contemplated by the Federal Rules of Civil Procedure as if fully set forth herein and reserves the right to assert further affirmative or other defenses as discovery and investigation continue.

52.     Plaintiff failed to perform reasonable, timely, and proper modifications, repairs, or maintenance to the property and is not entitled to recover any damages that it reasonably could

have avoided under the doctrine of avoidable consequences and their duty to mitigate their damages.

53.    Plaintiff is not entitled to recover damages for the costs of unreasonable or unnecessary alterations, modifications, or repairs to the property or for alterations, modifications, or repairs that constitute economic waste.

54.    All or part of Plaintiff's damages represent first cost or betterment, which Plaintiff is not entitled to recover from AE.

55.    AE is not liable for any special damages not specifically pled in Plaintiff's Complaint.

56.    Plaintiff is not entitled to pre-judgment interest on any sum not yet spent.

57.    AE specifically denies that it was negligent, careless, breached any contract, breached any warranty, performed any improper work, or any culpable or wrongful conduct, whether arising in contract, tort, products liability, strict liability or by statute.

58.    AE specifically denies that it is at fault for, or caused or contributed to, any of the Plaintiff's, or anyone else's, alleged losses or damages in this matter. AE also specifically denies that Plaintiff is entitled to attorney's fees, costs, or any other expenses or damages from AE.

59.    AE alleges that even if it or any of its agents or employees were negligent, or otherwise at fault, which is expressly denied, such negligence or fault as may be found against AE was not the direct cause of Plaintiff's alleged injuries and/or damages.

60.    AE alleges that Plaintiff's damages, if any, were caused by the negligence, breach of warranty, breach of contract or other fault of others over whom AE had no control.

61.    AE alleges that Plaintiff failed to maintain, repair, operate, and inspect the property at issue thereby causing or contributing to the alleged damages.

62.     AE alleges that Plaintiff failed to give proper notice to AE.

63.     If Plaintiff sustained any injury or damages as alleged, the same were caused by and through the acts, omissions, and/or breaches of warranty of a third-party or persons, for whose conduct AE is not legally responsible.

64.     Plaintiff's alleged injuries and damages were caused in whole or in part by its own negligence or contributory fault, such that any recovery should be reduced or barred.

65.     To the extent that AE had any obligations to Plaintiff, such obligations have been fully, completely, and properly performed in every respect.

66.     Plaintiff failed to join all persons or parties necessary for a just adjudication of the controversy.

67.     Plaintiff's claims are barred or limited because the product or products in question were abused, misused, and/or were not being used in the manner or for the purpose intended, were not properly maintained, and/or were utilized in an unsafe manner.

68.     Plaintiff's claims are barred or limited in that the photovoltaic ("PV") system and the related product(s) in question were substantially modified, substantially altered, and/or materially altered prior to the alleged incident, thereby barring recovery.

69.     AE did not design, manufacture, distribute, sell, and/or otherwise supply the alleged PV system and related product(s) that are the subject of this litigation.

70.     If it is proven that the PV system and related product(s) were defective, then Plaintiff unreasonably proceeded to use the system and related product(s) it knew to be defective, and that conduct was the substantial contributing cause of Plaintiff's alleged injury and/or damage.

71.     The economic loss doctrine precludes or reduces recovery for Plaintiff's alleged

damages.

72.    If Plaintiff suffered damages as alleged, such damages were caused by the intervening and superseding conduct of a third party for whom AE is not legally responsible.

73.    Plaintiff failed to notify AE of its potential claim and failed to notify AE of the modification of the incident site giving rise to the allegations against AE and, therefore, Plaintiff's claims may be barred, in whole or in part, by the doctrine of spoliation of evidence.

74.    If Plaintiff were injured as alleged, which is specifically denied, it was due in whole or in part to Plaintiff's own negligence and failure to exercise the degree of care, skill, and knowledge in the performance of their work and not due to any negligence or fault on the part of AE nor any person or persons for whom AE may be legally responsible.

75.    Plaintiff was negligent and caused its alleged injuries. As such, its claims are barred or reduced by application of contributory negligence and/or comparative fault.

76.    Plaintiff's claims may be barred by any terms and conditions of sale for the alleged product.

77.    AE asserts all other affirmative defenses contemplated by the Federal Rules of Civil Procedure.

78.    AE reserves its right to assert additional affirmative defenses based on evidence disclosed during discovery or otherwise.

79.    Plaintiff's claims are barred by assumption of risk.

## **Prayer for Relief**

WHEREFORE**,** Defendant Also Energy, Inc. requests judgment of the Court as follows:

1.   Dismissing Plaintiff Travelers Property Casualty Company of America, a/s/o Food

Sciences Corp.'s Complaint with prejudice and on the merits;

2.   Awarding Defendant Also Energy, Inc., its costs and disbursements incurred

herein; and

3.   Granting Defendant Also Energy, Inc., such other relief as the Court deems

equitable and just.

Respectfully submitted,

**MOLOD, SPITZ, & DESANTIS, P.C.**

Dated: New York, New York        By:   *Dennis J. Monaco*
March 16, 2026                          Dennis J. Monaco, Esq. (NJ No. 017732000)
                                        1430 Broadway, Floor No. 21
                                        New York, NY 10018-3347
                                        O: (212) 869-3200, Ext. No. 122
                                        F: (212) 869-4242
                                        E: E: dmonaco@molodspitz.com
                                        *Local Counsel for Defendant Also Energy, Inc.*

                                        and

                                        **MEAGHER + GEER, P.L.L.P.**
                                        Chad J. Stepan, Esq. (MN No. 0279535)
                                        (*Pro Hac Vice* Motion Forthcoming)
                                        David E. Bridges, Esq. (TX No. 24092170)
                                        (MN No. 0397004)
                                        (*Pro Hac Vice* Motion Forthcoming)
                                        33 South Sixth Street, Suite 4300
                                        Minneapolis, MN 55402
                                        O: (612) 338-0661
                                        F: (612) 338-8384
                                        E: cstepan@meagher.com
                                        E: dbridges@meagher.com
                                        *Lead Counsel for Defendant Also Energy, Inc.*