IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> TIGO ENERGY, INC., *et al.*, <br><br> Defendants. | HONORABLE KAREN M. WILLIAMS <br><br><br> Civil Action <br> No. 1:25-cv-16136-KMW-AMD <br><br><br> **OPINION** |

**Christian C. Sedereas, Esq.**
*Counsel for Plaintiff Travelers Property*
*Casualty Company of America*

**Brian W. Franklin, Esq.**
*Counsel for Tigo Energy, Inc.*

**Bradley D. Remick, Esq.**
*Counsel for Solar Landscape, LLC*

**John H. King, Esq.**
**Wendy R. Bennett, Esq.**
*Counsel for Shore Holdings 2020, LLC*

**Laurie Tascione, Esq.**
*Counsel for Consolidated Electrical*
*Distributors, Inc.*

**Dennis Monaco, Esq.**
*Counsel for Also Energy, Inc.*

**WILLIAMS, District Judge:**

## I.    INTRODUCTION

This insurance-subrogation action arises from an April 7, 2024 warehouse fire in Mount

Laurel, New Jersey. Plaintiff Travelers Property Casualty Company of America ("Travelers"), as

subrogee of its insured, Food Sciences Corporation ("FSC"), seeks to recover amounts it paid for property damage caused by the fire.

Defendants Shore Holdings 2020, LLC ("Shore Holdings" or "SH") and Solar Landscape, LLC ("Solar Landscape" or "SL") separately move to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(6).[1] Travelers opposes both motions. For the reasons set forth below, Shore Holdings' motion is granted, and Solar Landscape's motion is denied.

## II.    BACKGROUND

The following facts are drawn from the Complaint. For purposes of the present motions, the Court accepts its well-pleaded factual allegations as true and draws all reasonable inferences in Travelers' favor.

FSC leased a warehouse located at 116 Gaither Drive in Mount Laurel, New Jersey. *See* Compl. ¶¶ 9–10. On April 7, 2024, a fire broke out at the warehouse and caused significant property damage. *See id.* ¶¶ 16, 18. According to the Complaint, the fire originated in the solar-power system that was installed on the warehouse roof, specifically near one of the system's rapid shutdown devices ("RSD"). *See id.* ¶¶ 16–17. Thereafter, FSC submitted an insurance claim for the property loss caused by the fire, for which Travelers alleges to have paid at least $4.9 million. *See id.* ¶ 18. The adjustment of that claim remains ongoing. *See id.*

On September 30, 2025, Travelers commenced this action to recover those payments. The Complaint's central contention is that the RSD around which the fire originated was defective and started the fire. *See id.* ¶¶ 16–17. On that theory, Travelers asserts overlapping products-liability and negligence claims against the RSD's manufacturer, Tigo Energy, Inc. ("Tigo"), and its distributor, Consolidated Electrical Distributors, Inc. ("CED").

---

[1] The complaint incorrectly names Defendant Shore Holdings 2020, LLC as "CPV Shore Holdings, LLC."

Travelers also asserts those same claims against the moving defendants, each of which is alleged to have played some role in connection with the solar-power system itself: (1) Shore Holdings, which "owned, controlled, and/or operated" the system at the time of the fire; and (2) Solar Landscape, which had "engineered, designed, advertised, sold, installed, tested, and/or maintained" the system. *Id.* ¶¶ 12–13.

## III.   LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with"

3

the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 550 U.S. at 557).

## IV.    DISCUSSION

The Complaint asserts claims against Shore Holdings and Solar Landscape for products liability under the New Jersey Product Liability Act ("NJPLA") and negligence under New Jersey common law. Because these defendants move to dismiss the Complaint on different grounds, the Court will address each motion separately.

### A.    Shore Holdings

Shore Holdings moves to dismiss both claims asserted against it. Its argument is straightforward: the Complaint fails to satisfy the minimal pleading requirements of Rule 8. Shore Holdings contends that the Complaint substitutes labels for facts, asserts substantially the same allegations against it as against other defendants, and supplies no facts explaining its role in either the allegedly defective RSD or the resulting fire. Those allegations, Shore Holdings contends, do not give it fair notice of the grounds for Travelers' claims, nor do they support a plausible inference of liability. The Court agrees.

Rule 8(a)(2) requires plaintiffs to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6), of course, supplies the procedural mechanism for testing whether a pleading has met that obligation. Rule 8's burden is modest, but it is not optional. Fundamentally, it requires that a complaint provide "fair notice" of "what the . . . claim is and the grounds upon which it rests." *Phillips*, 515 F.3d at 231 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 555). Legal conclusions and formulaic recitations of the elements of a claim receive no presumption of truth, and the well-pleaded factual matter that remains must be able to support a "reasonable inference that the defendant is liable for the

4

misconduct alleged." *Iqbal*, 556 U.S. at 678. A pleading that fails this threshold cannot proceed to discovery in search of a factual basis to support its claims. *See id.* at 678–79.

Measured against that standard, the Complaint falls short. Its only nonconclusory allegation specific to Shore Holdings is that it "owned, controlled, and/or operated" the rooftop solar-power system. Compl. ¶ 11. All other allegations against Shore Holdings are organized under Counts V and VI, which merely recite the elements of product liability and negligence. Without more, Shore Holdings' mere ownership or control over the system does not support a plausible inference of any wrongdoing, much less liability under either theory asserted here. *See Garten v. Intamin Amusement Rides Int. Corp. Est.*, No. 19-cv-20040, 2020 WL 4745780, at *4 (D.N.J. Aug. 17, 2020) ("Only manufacturers and sellers of [defective] products can be held liable . . . under the NJPLA."); *see also Zimmerman v. Home Depot, Inc.*, No. CV 24-4353 (ES) (MAH), 2024 WL 5126832, at *2 (D.N.J. Dec. 16, 2024) (dismissing a negligence claim where plaintiff alleged only that the defendant "owned, assembled, displayed and/or offered for sale" a metal pipe that caused injury).

Accordingly, the Court will grant Shore Holdings' motion and dismiss Counts V and VI without prejudice, with leave to amend the Complaint.

### B.    <u>Solar Landscape</u>

Solar Landscape's motion presents a much narrower question. The Court begins, however, with a procedural point. Solar Landscape invokes Rule 12(b)(6), but it filed the motion months after answering the Complaint. Rule 12(b) requires such a motion to "be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). However, that timing does not waive the defense because Rule 12(h)(2)(B) permits a party to assert failure to state a claim in a post-answer "motion under Rule 12(c)." Fed. R. Civ. P. 12(h)(2)(B). The Court therefore construes Solar

Landscape's motion as one for judgment on the pleadings under Rule 12(c). *See Oxford House, Inc. v. Twp. of N. Bergen*, 158 F.4th 486, 490 (3d Cir. 2025); *see also United States v. Est. of Elson*, 421 F. Supp. 3d 1, 4 (D.N.J. 2019). Notwithstanding that construction, the standard of review remains unchanged: Rule 12(c) motions are governed by the same standard as Rule 12(b)(6) motion motions. *See Oxford House*, 158 F.4th at 490.

On its merits, Solar Landscape's motion challenges only the NJPLA claim asserted against it. At bottom, Solar Landscape argues that it cannot be strictly liable for damages caused by a defective product it itself did not manufacture. It argues not from the NJPLA's text, but rather from its own characterization of its role as an innocent rooftop "developer" and "installer" of solar-power products, not a "manufacturer." SL's Mot. Br. at 9–11. It points out that the allegedly defective RSD was manufactured by its co-defendant, Tigo, and emphasizes that it had no "significant control over the design, manufacture, packaging or labeling" of Tigo's products. *Id.* at 7. Solar Landscape thus contends that—because the NJPLA does not impose strict liability on mere "installers of a defective product"—it is entitled to judgment as a matter of law. *Id.* at 10–11.

The problem with Solar Landscape's argument is that it is flatly contradicted by the statute's plain text. The NJPLA imposes strict liability not only on the "manufacturer" of a defective product, but also on its "seller." N.J. STAT. ANN. § 2A:58C-2. "Product seller" is defined to include "any person who, in the course of a business conducted for that purpose . . . *installs*" a product "or *otherwise is involved in placing a product in the line of commerce*." *Id.* § 2A:58C-8 (emphasis added). An entity therefore does not fall outside the NJPLA simple because someone else manufactured the product. *See Michalko v. Cooke Color & Chem. Corp.*, 451 A.2d 179, 182

6

(N.J. 1982) ("Under New Jersey law, manufacturers, as well as all subsequent parties in the chain of distribution, are strictly liable for damages caused by defectively designed products.").

Here, the pleadings place Solar Landscape within that definition. The Complaint alleges that Solar Landscape was "responsible for assembling, installing, and/or testing" the solar-power system, including the allegedly defective RSD. Compl. ¶ 35. Solar Landscape has admitted that allegation. *See* SL's Answer ¶ 35. At this stage, the pleadings establish that Solar Landscape is a "product seller" subject to strict liability under the NJPLA. *See Fid. & Guar. Ins. Underwriters, Inc. v. Omega Flex, Inc.*, 936 F. Supp. 2d 441, 449 (D.N.J. 2013) (holding negligence claim subsumed into the NJLPA where it was based on the "installation and sale of an already defective product" manufactured by another entity).

Solar Landscape's reliance on *Ramos v. Silent Hoist & Crane Co.*, 607 A.2d 667 (N.J. Super. Ct. App. Div. 1992), does not alter this conclusion. *Ramos* involved an NJPLA claim against a contractor that designed and installed an electrical system to power an existing capstan. *See id.* at 668–69. The court held that the contractor was not a "manufacturer or seller" under the statute, but not because it was merely the "installer" of a defective product, as Solar Landscape implies. Rather, the result turned on whether the contractor had supplied any *defective* product at all. Because the switch and other components supplied by the contractor functioned properly, the contractor had never "provide[d] a defective component part" and therefore fell outside the statute. *Id.* at 671; *see also Thomas v. Ford Motor Co.*, 70 F. Supp. 2d 521, 530 (D.N.J. 1999) (explaining that the NJPLA's definition of a product seller "presupposes the existence of a defective product"). *Ramos* thus distinguished between a negligence claim "based on the improper installation of an otherwise properly functioning product on the one hand," and an NJPLA claim based on the "otherwise proper installation of a defective product" on the other hand. *Omega Flex*, 936 F. Supp.

2d at 448. Here, the Complaint alleges the latter, placing Solar Landscape "squarely within the ambit of the [NJPLA]." *Id.* at 449.

At this stage, Solar Landscape's status as a "product seller" under the NJPLA does not guarantee that it will ultimately be liable for Travelers' damages. To be sure, § 2A:58C-9 of the statute provides a mechanism by which a truly "innocent" seller of a defective product may obtain immunity from strict liability if it satisfies certain conditions. *Claypotch v. Heller, Inc.*, 823 A.2d 844, 851 (N.J. Super. Ct. App. Div. 2003). Unsurprisingly, Solar Landscape's insistence that it was a mere "installer" lacking any "significant control" over the manufacture of the RSD bears directly on one of those conditions. *See* N.J. STAT. ANN. § 2A:58C-9(d)(1). But Solar Landscape has argued something very different; it has neither invoked § 2A:58C-9 nor attempted to establish entitlement to immunity under its terms. The Court will not bypass the statute and grant equivalent relief, much less on the misconceived theory Solar Landscape attempted to advance here. Its motion is denied.

## V.    CONCLUSION

For all of the reasons set forth above, the Court grants Shore Holdings' motion and dismisses Counts V and VI without prejudice, with leave to amend the Complaint. Solar Landscape's motion is denied.

Dated: July 27, 2026

KAREN M. WILLIAMS, U.S.D.J.

8